UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE BURGOS,

    Plaintiff,

v.                                                  Case No. 8:22-cv-1171-KKM-TGW

ENTERTAINMENT 2851, LLC,
MICHAEL TOMKOVICH, and
DOES 1 THROUGH 10,

    Defendants.
_____

## ORDER

Jamie Burgos—the putative representative of a collective action—sues Entertainment 2851, LLC, Michael Tomkovich, and ten unnamed Defendants under the Fair Labor Standards Act (FLSA). *See* Compl. (Doc. 1). Burgos alleges that the Defendants violated the FLSA's mandatory minimum wage provision, unlawfully withheld tips, and demanded illegal kickbacks. *Id.* at ¶¶ 1, 95–127.

All Defendants (including the unnamed Defendants) answer the complaint and advance several affirmative defenses. *See* Am. Answer (Doc. 54). Burgos moves to strike affirmative defenses 1–13 and affirmative defense 27. *See* Motion to Strike (Doc. 55). This

order also addresses Burgos's failure to move for certification of this suit as a collective action under 29 U.S.C. § 216(b).

I. BACKGROUND

Jamie Burgos was a stripper at Entertainment 2851, LLC, which does business as Emperor's Gentlemen's Club. Compl. at ¶ 1. Burgos sues Entertainment 2851, Michael Tomkovich, and ten unnamed defendants ("Does 1 through 10") under the FLSA, alleging that she was not paid minimum wage, that she was not allowed to keep her tips, and that she was forced to pay the Defendants illegal kickbacks. *Id.* at ¶¶ 1, 95–127. The Defendants answer Burgos' complaint and advance twenty-seven affirmative defenses. *See* Am. Answer. Burgos moves to strike affirmative defenses 1–13 and affirmative defense 27. Motion at 10–16.

Additionally, Burgos's complaint states that she "brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers/entertainers at any time during the three (3) years prior to the commencement of this action to present." (*Id.* at ¶ 83.) Because Burgos purports to sue on behalf of others, sixteen opt-in plaintiffs are currently attempting to join this action.[1] Although the parties' Case Management Report failed to propose a deadline

---

[1] The opt-in Plaintiffs are Claudia Gambrell, Dawn Evans, Yvelly McNalley, Dayuanna Monteagudo, Kayla McQueen, Komae Williams, Samantha Blocker, Alexis Christian, Norma Ferreira, Abigail Carela, Ashlyn Metcalf, Chayenne Desouza, Taniya Dozier, Autumn Gullick, Madison Lee, and Morgan Hall Gearhart. (Doc. 15; Doc. 19; Doc. 27; Doc. 33; Doc. 75.)

for certification of this putative collective action, (Doc. 38) at 2, this Court required Burgos to move for certification no later than December 16, 2022, (Doc. 39) at 1. Burgos failed to timely move for certification, and to date, no motion for certification appears.

## II.   MOTION TO STRIKE

### A. Legal Standard

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). In other words, a defense that "points out a defect in the plaintiff's prima facie case is not an affirmative defense"—even if the defendant labels it as one. *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). But "it is well settled among courts in this circuit that motions to strike are generally disfavored and will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law." *Blanc v. Safetouch, Inc.*, No. 3:07-cv-1200, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008) (Morris, Mag. J.) (citing *Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 779 (11th Cir. 1982); *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d

3

1345, 1348 (M.D. Fla. 2002) (Kovachevich, J.); *In re Sunbeam Secs. Litig.*, 89 F. Supp. 2d 1326, 1340 (S.D. Fla. 1999) (Middlebrooks, J.)); *see also Belmer v. Ezpawn Fla., Inc.*, 8:20-cv-1470, 2020 WL 7419663, at *1 (M.D. Fla. Sept. 28, 2020) (Covington, J.) (noting that a Court has "broad discretion" to rule on a motion to strike but emphasizing that such motions are "drastic" and are often considered "time wasters" (quotation omitted)).

An affirmative defense is "insufficient as a matter of law" only if (1) it is patently frivolous on its face or (2) it is clearly invalid as a matter of law. *Belmer*, 2020 WL 7419663, at *1. An affirmative defense is sufficient to overcome a motion to strike if it "puts into issue relevant and substantial legal and factual questions." *Id.*; *see also Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (Kovachevich, J.) ("[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.").

B. **Analysis**

Burgos argues that this Court should dismiss affirmative defenses 1–13 and 27 for four reasons. Motion at 10–16. None of her arguments are persuasive.

First, Burgos contends that this Court should strike affirmative defenses 3, 4, 5, 7, and 8–13 because they are negative defenses. *Id.* at 10–12, 14–15. Negative defenses are not affirmative defenses because they highlight "a defect in the plaintiff's prima facie case,"

4

*Rawson*, 846 F.2d at 1349, instead of arguing that judgment for the defendant is warranted "even if the plaintiff can prove his case by a preponderance of the evidence." *Wright*, 187 F.3d at 1303. But assuming, without deciding, that defenses 3, 4, 5, 7, and 8–13 are negative defenses, dismissal is unnecessary. If a negative defense is "improperly designated" as an affirmative defense, courts can treat it as a specific denial instead. *Zotos v. U.S. Bank Nat'l Ass'n*, No. 8:22-CV-1726, 2023 WL 1409506, at *4 (M.D. Fla. Jan. 31, 2023) (Mizelle, J.); *Kearney v. Valley Nat'l Bank*, No: 21-cv-64, 2022 WL 19754, at *4 (M.D. Fla. Jan. 3, 2022) (Mizelle, J.); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1269 (3d ed. 2004) ("In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial. But as long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not operate to prejudice the pleader.").

Second, Burgos argues that this Court should strike affirmative defenses 1, 2, 5, 6, and 8–13 because they are conclusory and fail to plausibly allege an affirmative defense under the pleading standard of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Burgos argues that the circuits differ on whether affirmative defenses must meet the *Iqbal-Twombly* pleading standard and acknowledges that the Eleventh Circuit has not yet addressed the issue. I have explained repeatedly why

5

I do not think that the *Iqbal-Twombly* pleading standard governs affirmative defenses, and Burgos's arguments do not persuade me otherwise. *See, e.g., Gulfstream Aerospace Corp. v. Gulfstream Unsinkable Boats, LLC*, 530 F. Supp. 3d 1167, 1172 (M.D. Fla. 2021) (Mizelle, J.) ("[T]extual differences between Rule 8(a)(2) and Rule 8(c) suggest that the *Iqbal-Twombly* pleading standard, which governs claims for relief, is inapplicable to affirmative defenses."); *Kearney*, 2022 WL 19754, at *3 ("The Court relies on the differences in language between Rule 8(a)(2)—requiring a claim for relief to contain 'a short and plain statement of the claim *showing* that the pleader is entitled to relief'—and Rule 8(c)—requiring the responding parties to 'affirmatively *state* any avoidance or affirmative defense.' "); *Zotos*, 2023 WL 1409506, at *3 (same). Accordingly, failure to meet the *Iqbal-Twombly* pleading standard does not warrant striking the affirmative defenses.

Third, Burgos argues that this Court should strike affirmative defenses 1, 2, 5, and 6 because they are premised on the incorrect assumption that Burgos can waive her right to the FLSA's minimum wage. Motion at 13. *Brooklyn Savings Bank v. O'Neil* held that the FLSA implicitly forbids "waiver of basic minimum and overtime wages under the Act." 324 U.S. 697, 707 (1945). Notwithstanding *O'Neil*, Burgos fails to show that striking affirmative defenses 1, 2, 5, and 6 is necessary or appropriate at this stage. To strike an affirmative defense, Burgos must show that the defense has "no possible relation to the

6

controversy" before the Court. *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quotation omitted);[2] *Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1999) (Kovachevich, C.J.). Although affirmative defenses 1, 2, 5, and 6 seemingly allege the waiver of substantive rights under the FLSA, they are only one sentence each. Additionally, Burgos's argument that defenses 1, 2, 5, and 6, should be struck under *O'Neil* is cursory. Motion at 13. The Defendants' response is brief as well. Resp. to Motion (Doc. 58) at 6–7. At this early stage, Burgos fails to provide enough detail demonstrating that defenses 1, 2, 5, and 6 have no possible relation to this controversy. Burgos may re-raise her *O'Neil* argument at the summary judgment stage or at trial.

Finally, Burgos argues that this Court should strike affirmative defense 27 because the Defendants waived objections to this Court's subject-matter jurisdiction. Motion at 16. Of course, subject-matter jurisdiction "can never be forfeited or waived." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020). As such, an objection to subject-matter jurisdiction "may be resurrected at any point in the litigation, and a valid objection may lead a court midway through briefing to dismiss a complaint in its entirety." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

---

[2] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

III.   COLLECTIVE ACTION CERTIFICATION

Burgos attempts to bring a collective action under 29 U.S.C. § 216(b). Compl. at ¶ 83. To serve as a representative plaintiff under § 216(b), Burgos must move for certification of this suit as a collective action. *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1276–80 (11th Cir. 2018). Certification is proper if Burgos' claims are "similarly situated" to the claims of other employees who might "opt in" to the collective action. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001).

Collective actions under § 216(b) are usually certified in two stages. The first stage—sometimes called the "notice stage"—usually occurs before or at the beginning of discovery. *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1260–61 (11th Cir. 2008). At the notice stage, the court determines whether to conditionally certify the collective action based on the pleadings and affidavits. *Id.* "[T]he importance of certification, at the initial stage, is that it authorizes either the parties, or the court itself, to facilitate notice of the action to similarly situated employees." *Id.* at 1259. "After being given notice, putative class members have the opportunity to opt-in. The action proceeds throughout discovery as a representative action for those who opt-in." *Id.* The second stage usually begins after discovery, and "is triggered by an employer's motion for decertification." *Id.* at 1261. By the second stage, "the district court has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity." *Id.*

8

Although this Court required Burgos to move for certification of this collective action by December 16, 2022, *see* Case Management and Scheduling Order (Doc. 39) at 2, Burgos did not comply. In fact, she has failed to move for certification at all. *See Mickles*, 887 F.3d at 1279–80 (affirming denial of a motion for certification under § 216(b) because the motion for certification was untimely). Additionally, the discovery cut-off is March 20, 2023. CMSO at 2. Thus, even if Burgos moves for certification today, this Court would not certify the class and authorize notice at this late date because future opt-in plaintiffs could not meaningfully benefit from discovery. *See Morgan*, 551 F.3d at 1259.

"Generally, when conditional certification of a collective action is denied, existing opt-in plaintiffs are dismissed from the lawsuit without prejudice and the matter proceeds on the named plaintiff's individual claims." *Mickles*, 887 F.3d at 1280. As such, the sixteen opt-in plaintiffs' claims are dismissed without prejudice. And although the statute of limitations was tolled during the pendency of this putative collective action, the time period to file a lawsuit for the sixteen op-in plaintiffs will again continue to run. *See Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1379 n.6, 1391 (11th Cir. 1998) (en banc); *see also Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1303 (11th Cir. 2008).

## IV. CONCLUSION

Accordingly, the following is **ORDERED:**

1. Burgos's motion to strike, (Doc. 55), is **DENIED.**

2. The claims of every opt-in Plaintiff are **DISMISSED without prejudice**, and the Clerk is directed to **TERMINATE** the opt-in Plaintiffs as parties to this action.[3]

**ORDERED** in Tampa, Florida, on February 27, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

---

[3] The opt-in Plaintiffs are Claudia Gambrell, Dawn Evans, Yvelly McNalley, Dayuanna Monteagudo, Kayla McQueen, Komae Williams, Samantha Blocker, Alexis Christian, Norma Ferreira, Abigail Carela, Ashlyn Metcalf, Chayenne Desouza, Taniya Dozier, Autumn Gullick, Madison Lee, and Morgan Hall Gearhart. (Doc. 15; Doc. 19; Doc. 27; Doc. 33; Doc. 75.)