UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE BURGOS,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No. 8:22-cv-1171-KKM-TGW

ENTERTAINMENT 2851, LLC,
MICHAEL TOMKOVICH, and
DOES 1 THROUGH 10,

    Defendants.
_____

## ORDER

Jamie Burgos sues Entertainment 2851, LLC, Michael Tomkovich, and ten unnamed Defendants ("Does 1 through 10") under the Fair Labor Standards Act. *See* Compl. (Doc. 1). Because "fictitious-party pleading" is usually not permitted in federal court, *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam), this Court ordered Burgos to show cause why Does 1 through 10 are proper defendants. Order to Show Cause (Doc. 76). Burgos—through a declaration filed by counsel—responds that she "recently" determined the "true names and capacities" of Does 1 through 10. *See* Decl. of Vulic re: OSC (Doc. 79 at ¶ 6). She also alleges that Defendant Tomkovich is destroying evidence, and claims that she is exploring whether to amend her complaint to include an

additional cause of action against Tomkovich. (*Id.* at ¶¶ 7–9.) Finally, Burgos hopes "to stipulate for an extension of all related dates and deadlines, including [the] discovery cut-off." (*Id.* at ¶ 10.)

Because Burgos certified that she discovered the identities of Does 1 through 10, the Order to Show Cause is **DISCHARGED**. No later than March **24**, 2023, Burgos must move to amend her complaint to name the Doe Defendants and explain why an amendment is proper under Rule 15(c)(1)(C), FED. R. CIV. P. If Burgos fails to timely move, this Court will dismiss her suit against Does 1 through 10.

Similarly, if Burgos desires to amend her complaint to include an additional cause of action, Burgos must move for the Court's leave or gain the Defendants' "written consent." FED. R. CIV. P. 15(a)(2); *id.* at 7(b). A declaration by counsel suggesting the party might take future action is insufficient. Burgos must file a motion setting forth the relief sought and the legal basis entitling her to it. *See, e.g.*, *Restorative Care of Am., Inc. v. Josloff*, No. 8:22-cv-1404-KKM-AEP, 2023 WL 2413816, at *1 (M.D. Fla. Mar. 8, 2023) (Mizelle, J.). Burgos must also comply with the Local Rules, including the obligation to confer with opposing counsel about most motions. *See* Local Rule 3.01(g).

Finally, if the parties seek an extension of the Case Management Scheduling Order's deadlines, (Doc. 39), the parties must move for an amended scheduling order explaining

2

the good cause for the relief. *See* FED. R. CIV. P. 16. Stipulations will not automatically alter court-ordered deadlines.

**ORDERED** in Tampa, Florida, on March 14, 2023.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

3