UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE BURGOS,

    Plaintiff,

v.                                                          Case No. 8:22-cv-1171-KKM-TGW

ENTERTAINMENT 2851, LLC, et al.,

    Defendants.
_____

## ORDER

Jamie Burgos filed an amended complaint and named the following Defendants: Entertainment 2851, LLC; Emperor's Tampa, Inc.; Southeast Showclubs, LLC; 1613 Ybor City, LLC; MT Investment Funding, LLC; 1611 Entertainment, LLC; Michael Tomkovich; Adam Evans; and Does 1 through 10. *See* Am. Compl. (Doc. 83). For the forgoing reasons, the Court dismisses Does 1 through 10 as Defendants to this action and strikes Burgos's amended complaint.

    I.    **DOES 1 THROUGH 10**

Originally, Burgos named only three defendants: Entertainment 2851, LLC, Michael Tomkovich, and Does 1 through 10. *See* Compl. (Doc. 1). A month ago, this Court ordered Burgos to show cause why it should not dismiss Burgos's suit against Does

1 through 10 because "fictitious-party pleading is not permitted in federal court." Order to Show Cause (Doc. 76 at 2 (quoting *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam)).

Burgos failed to timely respond to the order to show cause, but this Court *sua sponte* provided Burgos with a one-week extension. (Doc. 78.) Burgos responded within this extended timeframe, claiming that she identified Does 1 through 10 and asking for leave to amend her complaint. (Doc. 79 at ¶¶ 6, 11.) After discharging the order to show cause, this Court noted that Burgos's suit against Does 1 through 10 would be dismissed if she did not name Does 1 through 10 by March 24, 2023. (Doc. 80 at 2.)

On March 24, 2023, Burgos submitted an amended complaint, but the amended complaint still sues Does 1 through 10 without any identification of who those individuals might be. Am. Compl. at ¶¶ 1, 26–27, 91. Because Burgos failed to comply with the Court's prior orders (and because fictitious-party pleading is not permitted), Burgos's suit against Does 1 through 10 is dismissed without prejudice.

## II.  AMENDED COMPLAINT

Burgos's amended complaint also names six new defendants: Emperor's Tampa, Inc.; Southeast Showclubs, LLC; 1613 Ybor City, LLC; MT Investment Funding, LLC; 1611 Entertainment, LLC; and Adam Evans. *Compare* Am. Compl., *with* Compl. But

2

Burgos failed to move for leave to include these additional defendants before amending her complaint.

Under Rule 15(a)(2), FED. R. CIV. P., Burgos may not amend her complaint without the Court's leave or the written consent of the Defendants. A couple weeks ago, this Court reminded Burgos that she must comply with Rule 15(a)(2) if she desired to amend her complaint, including by filing a motion "setting forth the relief sought and the legal basis entitling her to it." (Doc. 80 at 2.) The same order alerted her that any motion must "comply with the Local Rules, including the obligation to confer with opposing counsel about most motions." (*Id.* (citing Local Rule 3.01(g)).) Because Burgos's amendments defy Rule 15 and an earlier order, the amended complaint is stricken. *See* FED. R. CIV. P. 12(f)(1) (authorizing this Court to strike a pleading "on its own").

### III. CONCLUSION

Accordingly, the following is **ORDERED**:

1. Does 1 through 10 are **DISMISSED** without prejudice. The Clerk is directed to terminate Does 1 through 10 as Defendants to this action.

2. Burgos's amended complaint, (Doc. 83), is **STRICKEN**. Because Burgos's amended complaint is stricken, the original complaint, (Doc. 1), remains the operative pleading. If Burgos desires to submit a second amended complaint that names new defendants, she must comply with Rule 15(a)(2), FED. R. CIV. P.

3

**ORDERED** in Tampa, Florida, on March 28, 2023.

*/s/ Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge