## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA—TAMPA DIVISION

| | | |
|---|---|---|
| JAMIE BURGOS, | ) | **Case No.: 8:22-cv-01171-KKM-TGW** |
| Plaintiff, | ) ) | |
| v. | ) ) | **SECOND AMENDED COMPLAINT FOR DAMAGES** |
| EMPEROR'S TAMPA INC. dba EMPEROR'S GENTLEMEN'S CLUB fka "DIAMONDS", a Florida Corporation; ENTERTAINMENT 2851 LLC, dba EMPEROR'S GENTLEMEN'S CLUB fka "DIAMONDS" a Florida Limited Liability Company; and MICHAEL TOMKOVICH, an individual, | ) ) ) ) ) ) ) ) ) ) ) | 1. **Failure to Pay Minimum Wages, 29 U.S.C. § 206;** 2. **Illegal Kickbacks, 29 C.F.R. § 531.35;** 3. **Unlawful Taking of Tips, 29 U.S.C. § 203; and** 4. **Forced Tip Sharing, 29 C.F.R. § 531.35** |
| Defendants. | ) ) ) | **DEMAND FOR JURY TRIAL** |

Plaintiff JAMIE BURGOS ("Plaintiff") alleges the following upon information and belief, based upon investigation of counsel, published reports, and personal knowledge:

## I.   NATURE OF THE ACTION

1.   Plaintiff alleges causes of action against defendants ENTERTAINMENT 2851 LLC dba EMPEROR GENTLEMEN'S CLUB, *fka* "DIAMONDS" a Florida Limited Liability Company, EMPEROR'S TAMPA

INC. dba EMPEROR'S GENTLEMEN'S CLUB fka "DIAMONDS", a Florida

Corporation, and MICHAEL TOMKOVICH, an individual, inclusive

(collectively, "Defendants" or "Emperor's Gentlemen's Club") for damages due to

Defendants evading the mandatory minimum wage provisions of the Fair Labor

Standards Act, 29 U.S.C. §§ 201, *et seq.*("FLSA"), illegally absconding with

Plaintiffs' tips and demanding illegal kickbacks including in the form of "House

Fees."

    2.    These causes of action arise from Defendants' willful actions while

Plaintiff was employed by Defendants from 2002-2021. During her time being

employed by Defendants, Plaintiff was denied minimum wage payments as part of

Defendants' scheme to classify Plaintiff and other dancers/entertainers as

"independent contractors."

    3.    Plaintiff worked at Defendants' adult entertainment facility,

Emperor's Gentlemen's Club located at 5718 E Adamo Dr. Tampa, FL 33619.

    4.    Defendants failed to pay Plaintiff minimum wages for all hours

worked in violation of 29 U.S.C. §§ 206 of the FLSA.

    5.    Defendants also charged Plaintiff and other dancers to work.

    6.    Furthermore, Defendants' practice of failing to pay tipped employees

pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision.

*See* 29 U.S.C. § 206.

7.     Plaintiff brings this action to recover the unpaid wages owed to her by Defendants.

8.     As a result of Defendants' violations, Plaintiff seeks to recover double damages for failure to pay minimum wage, interest, and attorneys' fees.

## II.   <u>PARTIES</u>

9.     At all times relevant, Plaintiff was an individual adult resident of the State of Florida. Furthermore, Plaintiff was employed by Defendants and qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Her consent to this action is attached hereto as Exhibit 1.

10.   Defendant ENTERTAINMENT 2851 LLC, dba EMPEROR'S GENTLEMEN'S CLUB is a Florida Limited Liability Company with its principal place of business located at 5718 E Adamo Dr. Tampa, FL 33619.

11.   At all times mentioned herein, Defendant was an "employer" or "joint employer" as defined by the FLSA, 29 U.S.C. § 203(d) and (g). Defendant may be served via its registered agent, Michael Tomkovich, at 5718 E Adamo Dr. Tampa, FL 33619.

12.   Defendant EMPEROR'S TAMPA INC. dba EMPEROR'S GENTLEMEN'S CLUB fka "DIAMONDS", a Florida Corporation was a Florida Limited Liability Company with its principal place of business located at 5718 E Adamo Dr. Tampa, FL 33619. AJ 3860.

13.   At all times mentioned herein, Defendant was an "employer", or "joint employer" as defined by the FLSA, 29 U.S.C. § 203(d) and (g). Defendant may be served via its registered agent, Michael Tomkovich, at 5718 E Adamo Dr. Tampa, FL 33619.

14.   Defendant Michael Tomkovich ("Tomkovich") was/is one of the main manager(s)/owner(s) who executed the policies regarding payment to dancers and management of dancers, including Plaintiff. Tomkovich is the Manager of Entertainment 2851 LLC and the Manager of AJ 3860, LLC, dba EMPEROR'S GENTLEMEN'S CLUB and is the owner of Emperor's Gentlemen's Club in Tampa, FL at 5718 E Adamo Dr. Tampa, FL 33619.

15.   Tomkovich acted directly or indirectly on behalf of Emperor's Gentlemen's Club, and, at all times mentioned herein were "employer(s)" or "joint employer(s)" of Plaintiff within the meaning of the FLSA. He exerted operational and management control over Emperor's Gentlemen's Club, including day to day management. He was, and is, frequently present at, owns, directs, controls and manages the operations at Emperor's Gentlemen's Club. He also controls the nature, pay structure, and employment relationship of Plaintiff. Tomkovich had at all times relevant to this lawsuit, the authority to hire and fire employees at Emperor's Gentleman's Club, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts,

including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, he was responsible for the day-to-day affairs of Emperor's Gentlemen's Club. In particular, he was responsible for determining whether Emperor's Gentlemen's Club complied with the FLSA.

16.    At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1) of the FLSA because they have had employees at their clubs engaged in commerce, which has travelled in interstate commerce. Moreover, because of Defendants' interrelated activities, they function in interstate commerce. 29 U.S.C. § 203(s)(1).

17.    Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

18.    At all material times during the three (3) years prior to the filing of this action, Defendants categorized all dancers/entertainers employed at Emperor's Gentlemen's Club as "independent contractors" and have failed and refused to pay wages or compensation to such dancers/entertainers. Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

19.    Plaintiff is informed and believes that, at all relevant times herein,

Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and agents, and other Defendants and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

20.    Plaintiff is informed and believes, and on that basis alleges that, each of the Defendants acted, in all respects pertinent to this action, as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respect thereto and, therefore, the acts of each of these Defendants are legally attributable to the other Defendants, and that these Defendants, in all respects, acted as employers and/or joint employers of Plaintiff in that each of them exercised control over her wage payments and control over her duties.

21.    Plaintiff is informed and believes, and on that basis alleges that, at all relevant times, each and every Defendant has been the agent, employee, representative, servant, master, employer, owner, agent, joint venture, and alter ego of each of the other and each was acting within the course and scope of his or her ownership, agency, service, joint venture and employment.

22.    At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for the acts and omissions of all other Defendants.

## III.    <u>VENUE AND JURISDICTION</u>

23.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the FLSA, 29 U.S.C. §§ 201, *et seq*.

24.    Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. Defendants' club is located in this District and Plaintiff worked in this District.

## IV.    ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### (AGAINST ALL DEFENDANTS)

### A.    FACTUAL ALLEGATIONS

25.    Defendants operate an adult-oriented entertainment facility located at 5718 E. Adamo Dr. Tampa, FL, 33619.

26.    Defendants' adult-oriented entertainment facility operates under the name "Emperor's Gentlemen's Club" fka "Diamonds."

27.    At all times mentioned herein, Defendants were "employer(s)" or "joint employer(s)" of Plaintiff.

28.    At all times during the three (3) years prior to the filing of the instant action, Defendants categorized all dancers/entertainers employed by Defendants as "independent contractors" and have failed and refused to pay wages to such dancers.

29.    At all times relevant to this action, Defendants exercised a great deal

of operational and management control over the subject clubs, particularly in the areas of terms and conditions of employment applicable to dancers and entertainers.

30.   Plaintiff worked as an exotic dancer at Emperor's Gentlemen's Club fka "Diamonds" from at least 2002-2021.

31.   The primary duty of an entertainer is to dance and entertain customers and give them a good experience. Specifically, an entertainer performs stage and table dances, and entertains customers on an hourly basis.

32.   Stated differently, entertainers dance on stage, perform table dances, and entertain customers in VIP rooms, all while nude or semi-nude.

33.   Plaintiff worked and performed at the adult-oriented entertainment facility multiple shifts per week. Plaintiff was an integral part of Defendants' business which operated solely as an adult-oriented entertainment facility featuring nude or semi-nude female entertainers.

34.   Defendants did not pay entertainers on an hourly basis.

35.   Defendants exercised significant control over Plaintiff during her shifts and would demand that Plaintiff pay to work a particular shift.

36.   Defendants set prices for all performances.

37.   Defendants set the daily cover charge for customers and/or members to enter the facility and had complete control over which customers and/or

members were allowed in the facility.

38.   Defendants controlled music for Plaintiff's performances.

39.   Defendants controlled the means and manner in which Plaintiff could perform.

40.   Defendants had the authority to suspend, fine, fire, or otherwise discipline entertainers for non-compliance with their rules regarding dancing.

41.   Defendants actually suspended, fined, fired, or otherwise disciplined entertainers for non-compliance with their rules regarding dancing.

42.   Although Defendants allowed entertainers to choose their own costumes, Defendants reserved the right to decide what a particular entertainer was allowed to wear on the premises. In order to comply with Emperor's Gentlemen's Club's dress and appearance standards, Plaintiff typically expended at least half an hour of time each shift getting ready for work without being paid any wages for such time getting ready.

43.   Plaintiff was compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay Plaintiff whatsoever for any hours worked at their establishment.

44.   Defendants also required Plaintiff to share her tips with Defendants, and other non-service employees who do not customarily receive tips, such as the disc jockeys and the bouncers.

45.    Defendants are in violation of the FLSA's tipped-employee compensation provision, 29 U.S.C. § 203(m), which requires employers to pay a tipped employee a minimum of $2.13 per hour. Defendants also violated 29 U.S.C. § 203(m) when they failed to notify Plaintiff about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendants' exotic dancers were never made aware of how the tip credit allowance worked or what the amounts to be credited were. Furthermore, Defendants violated 29 U.S.C. § 203(m) because they did not allow Plaintiff to retain all of her tips and instead required that she divide her tips amongst other employees who do not customarily and regularly receive tips. Because Defendants violated the tip-pool law, Defendants lose the right to take a credit toward minimum wage.

46.    Defendants exercised significant control over Plaintiff through written and unwritten policies and procedures.

47.    Defendants provided and paid for all advertising and marketing efforts undertaken on behalf of Emperor's Gentlemen's Club.

48.    Defendants paid for the buildings used by Emperor's Gentlemen's Club's maintenance of the facilities, the sound systems, stages, lights, beverages and inventory used at the facilities.

49.    Defendants made all hiring decisions regarding wait staff, security,

entertainers, managerial and all other employees on the premises.

50.    Defendants' opportunity for profit and loss far exceeded Plaintiff's opportunity for profit and loss from work at Emperor's Gentlemen's Club.

51.    Exotic dancing is an integral part of Emperor's Gentlemen's Club's operations. Emperor's Gentlemen's Club's advertising prominently displays nude or semi-nude dancing for its customers. Emperor's Gentlemen's Club is well known as a "strip club."

52.    Defendants need entertainers to successfully and profitably operate the Emperor's Gentlemen's Club business model.

53.    The position of entertainer requires no managerial skill of others.

54.    The position of entertainer requires little other skill or education, formal or otherwise.

55.    The only requirements to become an entertainer at Emperor's Gentlemen's Club are "physical attributes" and the ability to dance seductively. The amount of skill required is more akin to an employment position than that of a typical independent contractor.

56.    Defendants failed to maintain records of wages, fines, fees, tips and gratuities and/or service charges paid or received by entertainers.

57.    Plaintiff was not paid an hourly minimum wage or *any* hourly wage or salary despite being present at Defendants' facility and required to work and

entertain its customers at any time during her work shift.

58.   Plaintiff was not paid an hourly minimum wage for the time expended prior to each shift to get ready for work, including applying makeup and hair, and to comply with Defendants' dress and appearance standards.

59.   Defendants have never paid Plaintiff any amount as wages whatsoever and have instead unlawfully required Plaintiff to pay them for the privilege of working.

60.   The only source of monies received by Plaintiff relative to her employment with Defendants came in the form of gratuities received directly from customers, a portion of which Plaintiff was required to pay to Defendants.

61.   Defendants' method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendants misclassified Plaintiff with the sole intent to avoid paying her in accordance to the FLSA; the fees and fines described herein constitute unlawful "kickbacks" to the employer within the meaning of the FLSA, and Plaintiffs are entitled to restitution of such fines and fees.

62.   Plaintiff, while working at Emperor's Gentlemen's Club, performed job duties including dancing and entertaining at Emperor's Gentlemen's Club.

63.   Plaintiff , while working at Emperor's Gentlemen's Club, was subject to work rules established by the Defendants as identified above.

64.   Plaintiff, while working at Emperor's Gentlemen's Club, was subject to the terms and conditions of employment and a degree of control, direction, supervision, promotion and investment imposed or performed by Defendants.

65.   Plaintiff, while working at Emperor's Gentlemen's Club, was subject to the across-the-board, uniformly applied corporate policy mandated by Defendants.

66.   Plaintiff, while working at Emperor's Gentlemen's Club, was subject to fees and fines imposed by Defendants.

67.   Defendants required Plaintiff to pay fees to Defendants and other Emperor's Gentlemen's Club employees, including but not limited to DJs and bouncers.

68.   Defendants required Plaintiff to pay fees to Defendants and other Emperor's Gentlemen's Club employees for reasons other than the pooling of tips among employees who customarily and regularly received tips.

69.   Defendants failed to keep records of tips, gratuities and/or service charges paid to Plaintiff and failed to maintain and furnish wage statements to Plaintiff.

70.   Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

     a.    The time of day and day of week on which the employees' work week begins;

     b.    An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

     c.    The amount and nature of each payment which, pursuant to 29 U.S.C. § 207(e), is excluded from the "regular rate";

     d.    The hours worked each workday and total hours worked each workweek;

     e.    The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

     f.    The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

     g.    The dates, amounts, and nature of the items which make up the total additions and deductions;

     h.    The total wages paid each pay period; and

     i.    The date of payment and the pay period covered by payment.

     29 C.F.R. 516.2, 516.5.

    71.    Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff. Because Defendants' records are

inaccurate and/or inadequate, Plaintiff can meet her burden under the FLSA by proving that she, in fact, performed work for which she was improperly compensated, and produce sufficient evidence to show the amount and extent of her work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiff seeks to put Defendants on notice that she intends to rely on *Anderson* to provide the extent of her unpaid work.

### B.   INDIVIDUAL LIABILITY UNDER THE FLSA

72.   In *Boucher v. Shaw*, 572 F.3d 1087 (9th Cir. 2009), the U.S. Court of Appeals for the Ninth Circuit held that individuals can be liable for FLSA violations under an expansive interpretation of "employer." *Id.* at 1088. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Ninth Circuit stated that the definition of "employer" under FLSA is not limited by the common law concept of "employer" but "is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes."

73.   Where an individual exercises "control over the nature and structure of the employment relationship," or "economic control" over the relationship, that individual is an employer within the meaning of the FLSA, and is subject to liability. *Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999). The Ninth Circuit

highlighted factors related to "economic control," which included ownership

interest, operational control of significant aspects of the day-to-day functions, the

power to hire and fire employees, determine salaries, and the responsibility to

maintain employment records.

74.    Defendant Tomkovich is individually liable for failing to pay Plaintiff

her wages, imposing unlawful kickbacks, and depriving Plaintiff of her tips.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**FAILURE TO PAY MINIMUM WAGE PURSUANT TO FLSA, 29 U.S.C. § 206**

**(By Plaintiff Against All Defendants)**

75.    Defendants are engaged in "commerce" and/or in the production of

"goods" for "commerce" as those terms are defined in the FLSA.

76.    Defendants operate an enterprise engaged in commerce within the

meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in

commerce, and because its annual gross volume of sales made is more than five

hundred thousand U.S. Dollars ($500,000).

77.    Defendants failed to pay Plaintiff the minimum wage in violation of

29 U.S.C. § 206.

78.    Based upon the conduct alleged herein, Defendants knowingly,

intentionally and willfully violated the FLSA by not paying Plaintiff the minimum

wage under the FLSA.

79.    Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds. In fact, Defendants continued to violate the FLSA long after it learned that its misclassification scheme and compensation policies were illegal.

80.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### ILLEGAL KICKBACKS, 29 C.F.R. § 531.35

### (By Plaintiff Against All Defendants)

81.    Defendants required Plaintiff to pay monetary fees to Defendants and other Emperor's Gentlemen's Club employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

82.    Defendants' requirement that Plaintiff pay fees to Defendants and other Emperor's Gentlemen's Club employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

83.    Because Defendants violated the "free and clear" requirement of 29

C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiff's wages.

84.    Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35, all monetary fees imposed on Plaintiff are classified as illegal kickbacks.

85.    Plaintiff is entitled to recover from Defendants all fees that Defendants required Plaintiff to pay in order to work at Emperor's Gentlemen's Club, involving but not limited to house fees and tip sharing.

## THIRD CAUSE OF ACTION

### UNLAWFUL TAKING OF TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. § 203

### (By Plaintiff Against All Defendants)

86.    Plaintiff customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips and therefore is a tipped employee as defined in the FLSA, 29 U.S.C. § 203(t), *see also* 29 C.F.R. § 531.50.

87.    At all relevant times, each Defendants were "employer(s)" or "joint employer(s)" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

88.    Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

89.    Defendants operate an enterprise engaged in commerce within the meaning for the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in

commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

90.   Under the Tip Income Protection Act ("TIPA"):

[a]n employer may not keep tips received by its employees for any purpose including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not it takes a tip credit.

29 U.S.C. § 203 (m)(2)(B).

91.   Defendants kept a portion of tips paid to Plaintiff by Defendants' customers in the form of fees, fines, mandatory charges and other payments to Emperor's Gentlemen's Club employees, such as the disc jockeys and bouncers in violation of TIPA.

92.   Defendants required Plaintiff to participate in an illegal tip pool, which included employees who do not customarily and regularly receive tips, and do not have more than a *de minimis*, if any, interaction with customer leaving the tips (such as the DJs and bouncers). *See* U.S. Dep't of Labor, Wage and Hour Division, "Fact Sheet # 15: Tipped employees under the Fair Labor Standards Act (FLSA)."

93.   The contribution Defendants required Plaintiff to make after each shift was arbitrary and capricious and distribution was not agreed to by Plaintiff other dancers; but rather, was imposed upon Plaintiff and other dancers.

94.    By requiring Plaintiff to pool her tips with club employees who do not customarily receive tips, including the individual Defendants named herein, Defendants "retained" a portion of the tips received by Plaintiff in violation of the FLSA.

95.    Defendants did not make any effort, let alone a "good faith" effort, to comply with the FLSA as it relates to compensation owed to Plaintiff.

96.    At the time of their illegal conduct, Defendants knew or showed reckless disregard that the tip-pool which they required Plaintiff to contribute included non-tipped employees and, therefore, was statutorily illegal. In spite of this, Defendants willfully failed and refused to pay Plaintiff the proper amount of the tips to which she was entitled.

97.    Defendants' willful failure and refusal to pay Plaintiff the tips she earned violates the FLSA.

98.    Defendants kept a portion of tips paid to Plaintiff by Defendants' customers in the form of fees, fines, mandatory charges and other payments to Emperor's Gentlemen's Club employees, such as disc jockeys and bouncers, in violation of TIPA.

99.    As a result of the acts and omissions of the Defendants as alleged herein, and pursuant to 29 U.S.C. §§ 216(b) and 260, Plaintiff is entitled to damages in the form of all misappropriated tips, plus interest; as liquated damages,

an amount equal to all misappropriated tips, mandatory attorneys' fees, costs, and expenses.

## FOURTH CAUSE OF ACTION

### FORCED TIPPING, 29 C.F.R. § 531.35

### (By Plaintiff Against All Defendants)

100.  Defendants required Plaintiff to pay monetary fees to other Emperor's Gentlemen's Club employees who did not work in positions that are customarily and regularly tipped, in violation of 29 U.S.C. § 203(m).

101.  Defendants' requirement that Plaintiff pay fees to other Emperor's Gentlemen's Club employees violated the "free and clear" requirement of 29 C.F.R. § 531.35.

102.  Because Defendants violated the "free and clear" requirement of 29 C.F.R. § 531.35 as alleged above, they were not entitled to utilize the FLSA's tip-credit provision with respect to Plaintiff's wages.

103.  Plaintiff is entitled to recover from Defendants all fees that Defendants required Plaintiff to pay other employees in order to work at Emperor's Gentlemen's Club, involving but not limited to forced tip sharing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief:

1.      For compensatory damages according to proof at trial;

2.    For special damages according to proof at trial;

3.    For restitution of unpaid monies;

4.    For attorneys' fees;

5.    For costs of suit incurred herein;

6.    For statutory penalties;

7.    For civil penalties;

8.    For pre-judgment interest;

9.    For post-judgement interest;

10.   For general damages in an amount to be proven at trial;

11.   For declaratory relief;

12.   For injunctive relief; and

13.   For such other and further relief as the Court may deem just and
      proper.


Dated: June 13, 2023                    s/ *Carlos V. Leach, Esq.*
                                        Carlos V. Leach, Esq.
                                        Florida Bar No. 540021
                                        E-mail: *cleach@theleachfirm*
                                        **THE LEACH FIRM, P.A.**
                                        631 S Orlando Avenue
                                        Winter Park, Florida 32789
                                        Telephone: (407) 574-4999

                                        Justice D. Turner, Esq.
                                        California Bar No. 336579
                                        (*Pro Hac Vice*)

**CARPENTER & ZUCKERMAN**
8827 West Olympic Blvd.
Beverly Hills, CA, 90211
Telephone: (310) 273-1230
Facsimile: (310) 858-1063
*kristensenteam@cz.law*
*jturner@cz.law*

Leigh Montgomery, Esq.
*(Pro Hac Vice)*
**ELLZEY & ASSOCIATES,
PLLC**
1105 Milford St.
Houston, TX 77006
Telephone: (888) 350-3931
*leigh@ellzeylaw.com*
***Attorneys for Plaintiff***

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated: June 13, 2023

s/ *Carlos V. Leach, Esq.*
Carlos V. Leach, Esq.
Florida Bar No. 540021
E-mail: *cleach@theleachfirm*
THE LEACH FIRM, P.A.
631 S Orlando Avenue
Winter Park, Florida 32789
Telephone: (407) 574-4999

Justice D. Turner, Esq.
California Bar No. 336579
(*Pro Hac Vice*)
CARPENTER & ZUCKERMAN
8827 West Olympic Blvd.
Beverly Hills, CA, 90211
Telephone: (310) 273-1230
Facsimile: (310) 858-1063
*kristensenteam@cz.law*
*jturner@cz.law*

Leigh Montgomery, Esq.
(*Pro Hac Vice*)
ELLZEY & ASSOCIATES, PLLC
1105 Milford St.
Houston, TX 77006
Telephone: (888) 350-3931
*leigh@ellzeylaw.com*

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on Tuesday, June 13, 2023 a true and correct copy of the attached **PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES** was served via CM/ECF upon the following parties pursuant to Rule 5 of the Federal Rules of Civil Procedure:

Luke Lirot, Esquire
Florida Bar Number 714836
**LUKE CHARLES LIROT, P.A**.
2240 Belleair Road, Suite 190
Clearwater, Florida 33764
Telephone: (727) 536-2100
Facsimile: (727) 536-2110
Email: luke2@lirotlaw.com
Alternate email addresses:
*krista@lirotlaw.com*
*office@lirotlaw.com*

***Attorney for Defendants***

*/s/ Justice D. Turner*
_____
Justice D. Turner
