UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| JAMIE BURGOS, | ) | No.: 8:22-cv-1171- KKM-TGW |
| | ) | |
| *Plaintiff*, | ) | <u>COLLECTIVE ACTION</u> |
| | ) | |
| v. | ) | **PLAINTIFF JAMIE** |
| | ) | **BURGOS'S UNOPPOSED** |
| EMPEROR'S TAMPA, INC. DBA | ) | **MOTION FOR APPROVAL** |
| EMPEROR'S GENTLEMEN'S | ) | **OF FLSA SETTLEMENT** |
| CLUB fka DIAMONDS, | ) | |
| ENTERTAINMENT 2851, LLC | ) | |
| DBA EMPEROR'S | ) | |
| GENTLEMENT'S CLUB and | ) | |
| MICHAEL TOMKOVICH | ) | |
| | | |
| *Defendants*. | | |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff JAMIE BURGOS ("Plaintiff") hereby moves this Court pursuant to the Fair Labor Standards Act ("FLSA") for approval of the settlement agreement reached between Plaintiff and Defendants Emperor's Tampa, Inc., Entertainment 2851, LLC and Michael Tomkovich (collectively "Defendants"). The Settlement Agreement is attached as Exhibit A to the Declaration of Leigh S. Montgomery filed concurrently with this Motion. *See* Declaration of Leigh S. Montgomery ("Montgomery Decl."), ¶ 20, Exhibit A.

Accordingly, Plaintiff submits the Court should approve the Settlement

for the reasons described in the following legal memorandum in support of Plaintiff's Unopposed Motion for Approval of FLSA Settlement.

# TABLE OF CONTENTS

I. Introduction ........................................................................................... 1

II. Factual Background ............................................................................. 2

III. Legal Grounds of Plaintiff's Claims .................................................... 2

IV. Settlement Agreement .......................................................................... 4

V. Standard for Approval of FLSA Settlement ........................................ 5

VI. Approval of The FLSA Settlement ...................................................... 7

    A. Bona Fide Dispute ..................................................................... 7

    B. Fair and Reasonable .................................................................. 9

VII. Attorney's Fees & Costs ..................................................................... 10

VIII. Conclusion .......................................................................................... 11

IX. Local Rule 3.01(g) Certification ........................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Association of Disabled Americans v. Neptune Designs, Inc.*,
    469 F.3d 1357 (11th Cir.2006) ................................................................. 8

*Barrentine v. Arkansas–Best Freight System*,
    450 U.S. 728 (1981) ................................................................................ 4

*Bivins v. Wrap It Up, Inc.*,
    548 F.3d 1348 (11th Cir. 2008) ............................................................... 8

*Collins v. Sanderson Farms*,
    568 F.Supp.2d 714 (E.D. La. 2008) ......................................................... 5

*Cotton v. Hinton*,
    559 F.2d 1326 (5th Cir. 1977) ................................................................. 7

*Cullens v. Georgia Dep't of Transp.*,
    29 F.3d 1489(11th Cir.1994) ................................................................... 8

*Glass v. UBS Financial Services, Inc.*,
    No. 06-CV-4068-MMC, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007) ..... 7

*Gonzalez v. Fallanghina, LLC*,
    No. 16-cv-01832-MEJ, 2017 WL 1374582 (N.D. Cal. Apr. 17, 2017) .... 5

*Hernandez v. Cameo Investments*, LLC,
    No. 19-CV-356-WMC, 2019 WL 5558434 (W.D. Wis. Oct. 28, 2019) .... 9

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
    55 F.3d 768 (3rd Cir. 1995) .................................................................... 5

*Jennings v. Open Door Mktg., LLC*,
    No. 15-CV-4080-KAW, 2018 WL 4773057 (N.D. Cal. Oct. 3, 2018) . 5, 7

*Kerzich v. County of Tuolumne*,
    335 F.Supp.3d 1179 (E.D. Cal. Aug. 14, 2018) ....................................... 8

*King v. My Online Neighborhood*,
    No. 6:06-cv-435-ORL-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) ............................................................................................... 6, 7

*Leverso v. South Trust Bank of Ala., Nat'l. Ass'n.*,
    18 F.3d 1527 (11th Cir. 1994) ..................................................................6

*Lynn's Food Stores, Inc. v. United States*,
    679 F.2d 1350 (11th Cir. 1982) ............................................................ 4, 6

*Madrid v. teleNetwork Partners, LTD.*,
    No. 5:17-cv-04519-BLF, 2019 WL 3302812 (N.D. Cal. July 23, 2019)..5

*Okoro v. Pyramid 4 Aegis*, No. 11-C-267,
    2012 WL 12356838 (E.D. Wis. Nov. 15, 2012).......................................9

*Reynolds v. Alabama Dep't of Transp.*,
    926 F.Supp. 1448 (M.D.Ala.1995)...........................................................8

*Saleh v. Valbin Corp.*, No. 17-CV-0593-LHK,
    2018 WL 6002320 (N.D. Cal. Nov. 15, 2018) .........................................6

*Selk v. Pioneers Mem'l Healthcare Dist.*,
    159 F.Supp.3d 1164 (S.D. Cal. 2016) ................................................. 5, 7

*Walton v. United Consumers Club*,
    786 F.2d 303, 306 (7th Cir. 1986) ...........................................................4

*Wolinsky v. Scholastic, Inc.*,
    900 F.Supp.2d 332 (S.D.N.Y. 2012) .......................................................7

**Statutes**

29 U.S.C. § 203..................................................................................................1

29 U.S.C. § 206..................................................................................................1

29 U.S.C. § 207..................................................................................................1

29 U.S.C. §§ 201, *et seq.* ..................................................................................1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Jamie Burgos ("Plaintiff") alleges she worked as an adult entertainer at Emperor's Tampa, Inc. (Emperors) from April 20, 2018 through October 2021 and Entertainment 2851, LLC (Emperors Pasco) in June 2021 (collectively referred to as the "Clubs"). The Clubs are solely owned by Defendant Michael Tomkovich.

On May 20, 2022, Plaintiff Jamie Burgos filed her complaint against Defendant Entertainment 2851, LLC and Michael Tomkovich. Thereafter, on June 15, 2023, Plaintiff amended her complaint to add Defendant Emperors Tampa, Inc. Plaintiff's complaint is seeking to recover wages owed to her because she was misclassified as independent contractors at the Clubs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. *See* Dkts 1, 95. The Amended Complaint contained causes of action for (1) Failure to pay minimum wages, 29 U.S.C. § 206; (2) Illegal Kickbacks, 29 C.F.R. § 531.35; (3) Unlawful taking of tips, 29 U.S.C. § 203; and (4) Forced Tip Sharing, 29 C.F.R. § 531.35.

The parties have completed discovery, dispositive motions and pre-trial briefing in this case. Thereafter, Counsel engaged in good faith settlement discussions and attended an in-person settlement conference with the Court and reached an agreement for which Plaintiff is now seeking approval.

## II. Factual Background

Plaintiff claims she worked as an adult entertainer at Emperors from April 2018 through October 2021 and Emperor's Pasco in June 2021. *see* Dkt. 95. Plaintiff claims she was not properly compensated because she was misclassified as an independent contractor and as a result denied minimum wages *see* Dkt. 95. In addition, Plaintiff claims damages from being forced to pay a portion of her tips back to Defendants, as well as pay fees and fines solely for Defendants' benefit s*ee* Dkt. 95.

Defendants denied Plaintiff was entitled to relief under the Fair Labor Standards Act, claiming there was no enterprise coverage for the FLSA to apply to the Clubs, Defendants were not Plaintiff's "employer" as defined by the FLSA, and that Plaintiff was properly characterized as an independent contractor *see* Dkt. 105, 142. Defendants contended Plaintiff Burgos did not work at the Defendant Clubs, but rather solely at another entity not a party to this case, and that she otherwise earned in excess of minimum wages through bona fide "service charges" paid by Defendants' customers. *see* Dkt. 105, 142. As a result, Defendants denied Plaintiff was owed any damages related to her performance at the Clubs.

## III. Legal Grounds of Plaintiff's Claims

Plaintiff differentiated four types of claims for the dancers. The first was for failure to pay minimum wage. However, Plaintiff also had three other forms

of damages she contended was owed by the Defendants. *See* Montgomery Decl. ¶¶6-9.

First, Plaintiff contends dancers were charged house fees to work, which fees were illegal kickbacks pursuant to 29 C.F.R. § 531.35. *See* Montgomery Decl. ¶7. That regulation states, in pertinent part, as follows:

> Whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.

29 C.F.R. § 531.35

Plaintiff also had claims for two types of tipping violations. First, Plaintiff claims she was forced to tip the DJs, bouncers and house mom. The forced tipping, Plaintiff contends, is also a violation of 29 C.F.R. § 531.35, as it results in the dancer subsidizing the clubs' payment of wages to other employees. The second form of claimed damages for tips was the unlawful taking of monies received for individual private dances to customers which was retained by Defendants rather than being paid to Dancers. Defendants maintain these fees were fees charged by them and belonging to them. *See* Montgomery Decl. ¶ 8.

Despite Defendants' claims Burgos did not work at the Clubs, Plaintiff, as well as witnesses, purportedly would testify Plaintiff worked during the disputed period. *See* Montgomery Decl. ¶13. Defendants contested the evidence and disagreed with Plaintiff's factual assertions. *See* Montgomery Decl. ¶ 13-14.

## IV.    SETTLEMENT AGREEMENT

The parties agreed to a settlement of $12,500 to Jamie Burgos, inclusive of Plaintiff's claims for attorneys' fees and costs which would be submitted to the Court for approval and order. A number of factors contributed to the resolution. First, one of the Emperors' brand clubs that Plaintiff worked at is not a party to this lawsuit (EMTB). *See* Order on Summary Judgment Dkt. 125. A second lawsuit has been filed against the other club. See Case No. 8:24-cv-01603-TPB-AAS, *Komae Williams, et al v. EMTB, LLC, et al*. Thus, Plaintiff's damages were more limited in this case than originally contemplated because she allegedly did not work at Emperor's and Emperor's Pasco as much as she had worked at the non-party club, EMTB.

Additionally, Defendants had colorable defenses regarding the dates and hours Plaintiff performed at the Defendant Clubs. While each party had defenses regarding Plaintiff's work at the Defendant Clubs, Plaintiff Burgos felt comfortable with her evidence, which included contracts with Defendants and photographic evidence. Nevertheless, a risk existed. Furthermore, the type

and existence of evidence to prove Plaintiff's dates and hours worked, as well as fees and fines paid weighed heavily as factors in the compromise. Defendants did not have records of any work for Plaintiff at the Clubs, and therefore, Plaintiff would be forced to rely upon testimonial evidence to prove her damages. *See* Montgomery Decl. ¶12-14.

Plaintiff Burgos will receive $12,500. *See* Montgomery Decl. ¶ 11 and Exh. A. This settlement is inclusive of attorneys' fees and costs. Plaintiff's claim could potentially exceed the amounts that were negotiated, especially considering that she already won her main issue on summary judgment: that she is an employee and Defendants were her employers. *See* Montgomery Decl. ¶15; *see also* Dkt. 125. The significant conflicting evidence of performance dates and hours, as well as conflicting evidence as to other fees and tipouts paid, coupled with the lack of documentation were factors that weighed in favor of settlement. *See* Montgomery Decl. ¶ 13-15. The Settlement is a compromise of disputed issues. *See* Montgomery Decl. ¶ 17-18.

In exchange for the consideration described above, Plaintiff has agreed to dismiss her causes of action for alleged violations of the FLSA stemming from Plaintiff's employment as alleged in the operative Complaint. *See* Montgomery Decl. ¶ 16.

### V. STANDARD FOR APPROVAL OF FLSA SETTLEMENT

"When employees bring a private action for back wages under the [FLSA], and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The court must determine whether the settlement's terms and conditions represent "a fair and reasonable resolution of a bona fide dispute over FLSA provision" and reflect a "compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching. *Id*. at 1354-55.

To avoid a challenge to the validity of a settlement of FLSA claims, either approval by a court or the Department of Labor is required. *See Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986)

"If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas–Best Freight System,* 450 U.S. 728, 739 (1981). Therefore, an employee's right to fair payment cannot be "abridged by contract or otherwise waived because this would nullify the purposes of the

statute and thwart the legislative policies it was designed to effectuate." *Id.* Accordingly, FLSA settlements require the supervision of the Secretary of Labor or the district court. *See Lynn's Food Stores*, 679 F.2d at 1352-53. The FLSA also requires that a settlement agreement include an award of reasonable fees. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action").

Moreover, "a settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *Id.* (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3rd Cir. 1995) (other internal citations omitted)). As discussed below, those factors strongly favor approval of this settlement.

## VI. APPROVAL OF THE FLSA SETTLEMENT

### A. Bona Fide Dispute

"A bona fide dispute exists when there are legitimate questions about the existence and extent of the defendant's FLSA liability." *Jennings v. Open Door Mktg., LLC*, No. 15-CV-4080-KAW, 2018 WL 4773057, at *4 (N.D. Cal. Oct. 3, 2018) (quoting *Gonzalez v. Fallanghina, LLC*, No. 16-cv-01832-MEJ, 2017 WL 1374582, at *2 (N.D. Cal. Apr. 17, 2017)). "That is, there must be some doubt whether the plaintiffs will be able to succeed on the merits of their

FLSA claims." *Madrid v. teleNetwork Partners, LTD.*, No. 5:17-cv-04519-BLF, 2019 WL 3302812, at *3 (N.D. Cal. July 23, 2019); see *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F.Supp.3d 1164, 1172 (S.D. Cal. 2016) (quoting *Collins v. Sanderson Farms*, 568 F.Supp.2d 714, 719-720 (E.D. La. 2008)).

The Court should approve the settlement because it reflects a reasonable compromise of bona fide dispute regarding Defendants' alleged FLSA liability. There was no collusion in reaching the Agreement. The Parties were adequately represented by competent counsel experienced in litigating cases under the FLSA, and the Agreement reached was the result of good-faith negotiation between the Parties. *See* Montgomery Decl. ¶17. Substantial differences and risks existed for both Plaintiff and Defendants. The Parties have strenuously different opinions about whether Defendants were covered by FLSA enterprise coverage, whether Plaintiff performed at the Clubs and what her dates and hours were, and whether Plaintiff's claims of fees and fines resulted in collectible FLSA violations. Plaintiff believed her case was strong, but that was mostly reliant on testimonial evidence. *See* Montgomery Decl. ¶¶ 13-14. The settlement did not make Plaintiff necessarily whole. However, that is not a requirement and would render most settlements unattainable. *See* Montgomery Decl. ¶¶ 17-19.

Because the Parties disputed these aspects of the case, the purpose of the bona fide dispute requirement has been satisfied here. *See Saleh v. Valbin*

*Corp.*, No. 17-CV-0593-LHK, 2018 WL 6002320, at *2 (N.D. Cal. Nov. 15, 2018) (citing *Lynn Food Stores*, 679 F.2d at 1353 n.8) ("The purpose of this analysis is to ensure that an employee does not waive claims for wages, overtime compensation, or liquidated damages when no actual dispute exists between the parties.").

### B. Fair and Reasonable

The *Lynn's Food Stores* factors in determining whether a settlement is fair and reasonable are: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, No. 6:06-cv-435-ORL-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat'l. Ass'n.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

When considering these factors, the Court should keep in mind the "'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, at *3 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). *See* Montgomery Decl. ¶¶ 17-23.

This Settlement is a result of court ordered settlement conference, overseen by the Magistrate Judge. Courts have found FLSA cases settling for

approximately 25%–35% of the total possible recovery to be reasonable. *See*, *e.g.*, *Jennings*, 2018 WL 4773057, at *5–*6; *Selk*, 159 F.Supp.3d at 1175; *Glass v. UBS Financial Services, Inc.*, No. 06-CV-4068-MMC, 2007 WL 221862, at *4 (N.D. Cal. Jan. 26, 2007), aff'd, 331 F. App'x 452 (9th Cir. 2009). In this case, almost all of the compromise was related to the attorneys' fee claims, as opposed to the value of Plaintiff's claims toward the Clubs at issue, as well as carving out Plaintiff's rights to proceed with her second lawsuit against the non-party EMTB. *See* Montgomery Decl. ¶¶ 17-23.

Lastly, counsel on both sides have experience in FLSA cases and dancer cases in particular. As explained above, the incentive for Plaintiff's counsel to continue greatly outweighed the settlement resolution. The matter settled as it was a fair compromise of the claims. *See* Montgomery Decl. ¶ 20.

### VII. ATTORNEY'S FEES & COSTS

In an FLSA action, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or the plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Selk*, 159 F.Supp.3d at 1180 (quoting *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012)).

Here, the Settlement Agreement is inclusive of Plaintiff's claims for attorneys' fees and costs. Per the Settlement Agreement, Defendants agreed to pay Attorney fees and/or costs in the amount of seven thousand and five hundred dollars ($7,500.00) and payment to Plaintiff of Five thousand dollars ($5,000.00). *See* Montgomery Decl. ¶15 and Exh. A-B. Plaintiff's counsel's portion of the settlement only covers the costs in this action and was voluntarily agreed upon by Plaintiff's counsel to conclude this matter, as other related cases are still pending. *Id.*

## VIII. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests the Court enter an order approving the Settlement for Plaintiff Jamie Burgos.

## IX. LOCAL RULE 3.01(G) CERTIFICATION

Counsel for the Plaintiff has conferred in good faith with counsel for Defendants regarding the relief requested herein and is authorized to represent Defendants as UNOPPOSED to this Motion.

DATED: August 23, 2024.

        *s/Carlos V. Leach*
        Carlos V. Leach, Esquire
        FBN: 0540021
        Email:cleach@theleachfirm.com
        THE LEACH FIRM, P.A.
        1560 N. Orange Ave., Suite 600
        Winter Park, FL 32789
        Telephone: (407) 574-4999
        Facsimile: (833) 423-5864

        Leigh S. Montgomery
        Texas State Bar No. 24052214
        *(Pro Hac Vice)*
        ELLZEY & ASSOCIATES, PLLC
        1105 Milford Street
        Houston, Texas 77066
        Telephone: (713) 554-2377
        leigh@ellzeylaw.com

## CERTIFICATE OF SERVICE

I certify that on August 24, 2024, a true and correct copy of the foregoing document and was filed in accordance with the protocols for e-filing in the United States District Court for the Middle District of Florida and served on all counsel of record who have appeared and consented to electronic notification *via* CM/ECF.

>                   */s/ Carlos V. Leach*
>                   Carlos V. Leach